IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| STEVEN SZALCZYK, JR., et al., | * |
| Plaintiffs, | * |
| v. | * Civil Action No. RDB-15-2011 |
| CBC NATIONAL BANK, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM OPINION

Named plaintiff Steven Szalczyk and opt-in plaintiffs Tekesha Austin, Minka Wright, Hilda Cornutt, and Audrey Veitch (collectively, "Plaintiffs"), on behalf of themselves and those similarly situated, have filed an Amended Complaint (ECF No. 28) against defendant CBC National Bank alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

Currently pending before this Court is Plaintiffs' Motion for Conditional Certification of a Collective Action under 29 U.S.C. § 216(b) of the FLSA ("Plaintiffs' Motion") (ECF No. 45). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons described herein, Plaintiffs' Motion for Conditional Certification (ECF No. 45) is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiffs' Motion is GRANTED as to the "Inside Loan Officers" and DENIED as to the "Outside Loan Officers," as set forth in detail below.

BACKGROUND

CBC National Bank ("CBC") is a nationally chartered bank with headquarters located in Fernandina Beach, Florida. (ECF No. 28 at ¶ 3.) CBC operates a mortgage division that sells residential mortgage loan products in several states, including Maryland. (*Id.*) The mortgage division employs two types of loan officers to market and sell its mortgage products: "Inside Loan Officers" ("ILOs") and "Outside Loan Officers" ("OLOs"). (ECF No. 45 at 4.) ILOs work at CBC office locations and are provided sales leads by CBC. (*Id.*) CBC's Compensation Overview states that ILOs are treated as "non-exempt" employees for purposes of the FLSA, and these employees are paid on an hourly basis through the submission of weekly timesheets.[1] (ECF No. 45-1 at 36-39.) OLOs, by contrast, work largely outside of CBC offices and are expected to generate their own sales leads. (ECF No. 45 at 4.) CBC treats its OLOs as "exempt" employees for purposes of the FLSA, and CBC "admits it does nothing to monitor how much time, if any, [OLOs] perform sales activity outside of offices." (ECF No. 45 at 4; ECF No. 45-1 at 38-39.) OLOs are not required to submit timesheets to CBC and are compensated on a commission-only or commission-plus-salary basis, depending on their sub-classification.[2] (ECF No. 45-1 at 38-39.)

Named plaintiff Steven Szalczyk worked for CBC as an ILO in its Parkville, Maryland office for just over three months, from November 5, 2012 through February 15, 2013. (ECF No. 45 at 7.) At the start of his employment, Mr. Szalczyk was told that he would earn

---

[1] Section 13(a)(1) of the FLSA, codified at 29 U.S.C. § 213(a)(1) provides an exemption from the FLSA's minimum wage and overtime requirements for certain types of employees, including certain employees working in the capacity of an outside sales employee.

[2] CBC's Compensation Overview describes six types of ILO compensation structures and three types of OLO compensation structures. (ECF No. 45-1 at 36-38.)

$15 per hour, plus commissions.  (*Id.* at 8.)  During his deposition, Mr. Szalczyk testified that "he, along with all other loan officers in his office, were told in a meeting by CBC management to only report forty hours per week on the timekeeping system, but were then told to work as much as they could to get sales." (*Id.*)  Plaintiff also testified that he typically worked fifty-five (55) hours per week, but was not paid overtime wages.  (*Id.*)

The Amended Complaint alleges that CBC failed to pay its employees the legal minimum wage and failed to pay its employees overtime wages to which they were entitled. (ECF No. 28 at ¶¶ 40-47.)

## STANDARD OF REVIEW

Under the FLSA, a plaintiff may bring an action on behalf of himself and other employees so long as the other employees are "similarly situated" to the plaintiff.  29 U.S.C. § 216(b); *see also Quinteros v. Sparkle Cleaning, Inc.,* 532 F. Supp. 2d 762, 771 (D. Md. 2008).  As this Court has previously noted, Section 216 "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros,* 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000)).  Section 216(b) provides, in relevant part, that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Furthermore, this Court has employed a two-step inquiry when deciding whether to certify a collective action under the FLSA. *Syrja v. Westat, Inc.,* 756 F. Supp. 2d 682, 686 (D. Md. 2010); *Banks v. Wet Dog Inc.*, No. CIV.A. RDB-13-2294, 2015 WL 433631, at *1 (D. Md. Feb. 2, 2015). First, upon a minimal evidentiary showing that a plaintiff can meet the substantive requirements of 29 U.S.C. § 216(b), the plaintiff may proceed with a collective action on a provisional basis. Second, following discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is "similarly situated" in accordance with the requirements of § 216. *Rawls v. Augustine Home Health Care, Inc.,* 244 F.R.D. 298, 300 (D. Md. 2007) (internal citations omitted). The Court then renders a final decision regarding the propriety of proceeding as a collective action. *Id.* The second, more "stringent" phase of collective action certification under the FLSA is often prompted by a defendant's filing of a motion to decertify, and thus is referred to as the "decertification stage." *Syrja*, 756 F. Supp. 2d at 686.

Whether to grant conditional certification is a matter of the court's discretion. *Syrja,* 756 F. Supp. 2d at 686 (stating that "[d]eterminations of the appropriateness of conditional collective action certification . . . are left to the court's discretion[]"); *see also Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). As the Court has explained, the "paramount issue in determining the appropriateness of a conditional class certification is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Williams v. Long,* 585 F. Supp. 2d 679, 684 (D. Md. 2008).

Plaintiffs bear the burden of showing that their claims are "similarly situated," but courts have ruled that "similarly situated" need not mean "identical." *See, e.g., Hipp v. Liberty*

4

*Nat. Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001). This Court has held that a group of FLSA plaintiffs is similarly situated if they can show they were victims of a common policy, scheme, or plan that violated the law. *Mancía v. Mayflower Textile Servs. Co.,* CIV.A. No. CCB–08–273, 2008 WL 4735344, at *3 (D. Md. Oct. 14, 2008).

Plaintiffs' allegations thus "must consist of more than 'vague allegations' with 'meager factual support,' but [they] need not enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exists." *Id.* at *2 (quoting *D'Anna v. M/A–COM, Inc.,* 903 F. Supp. 889, 893 (D. Md. 1995). Moreover, "[w]hen sufficient evidence in the record at the initial 'notice' stage makes it clear that notice is not appropriate, . . . a court can . . . deny certification outright." *Syrja,* 756 F. Supp. 2d at 686 (quoting *Purdham v. Fairfax Cnty. Pub. Sch.,* 629 F. Supp. 2d 544, 547 (E.D.Va. 2009)). Plaintiffs may rely on "affidavits or other means" to make the required showing. *Williams,* 585 F. Supp. 2d at 683; *see also Bouthner v. Cleveland Const., Inc.*, CIV.A. No. RDB-11-0244, 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012); *Ruiz v. Monterey of Lusby, Inc.*, CIV.A. No. DKC 13-3792, 2014 WL 1793786, at *1–2 (D. Md. May 5, 2014).

ANALYSIS

Plaintiffs ask that this Court conditionally certify a collective action with a class consisting of "all current and former loan officers employed by CBC" in the three-year period prior to conditional certification. (ECF No. 45-14.) Defendant opposes Plaintiffs' Motion, arguing that CBC's OLOs do not belong in this case and, moreover, that conditional certification of ILOs is unwarranted. As set forth in greater detail below, Plaintiffs' Motion will be DENIED as to the OLOs and GRANTED as to the ILOs.

### I. Outside Loan Officers (OLOs)

While recognizing CBC's separate categorizations of ILOs and OLOs, plaintiffs nonetheless assert that "the only difference between [ILOs and OLOs], is that [OLOs] are supposed to generate their own sales leads, rather than receiving leads on sales from CBC." (ECF No. 45 at 2.) Plaintiffs argue that at core, both groups "are subject to a common policy in violation of the FLSA: denial of overtime pay;" thus, conditional certification is appropriate. (*Id.*)

CBC argues that ILOs and OLOs are not similarly situated because "the legal and factual issues involved in adjudicating claims by exempt [OLOs] would be entirely different from the legal and factual issues involved in adjudicating claims by non-exempt [ILOs]." (ECF No. 49 at 26.) Specifically, defendant argues:

> "For most [ILOs] who might opt into this case if the Court were to grant Plaintiff's Motion, the primary question will be whether or not the time they recorded into CBC's electronic timekeeping system in fact reflects their actual hours worked. … For [OLOs], the primary issue will be whether each individual [OLO] was properly classified as exempt, and that would require highly individualized inquiries about the different locations where each employee engaged in various forms of work, how frequently they worked outside the office, and how much time they spent engaging in outside sales activities."

(*Id.* at 26-27.)

This Court addressed a similar motion seeking conditional certification of a class consisting of both exempt and non-exempt employees in *Myles v. Prosperity Mortg. Co.*, No. CIV. CCB-11-1234, 2012 WL 1963390, at *7 (D. Md. May 31, 2012). In *Myles*, plaintiff sought to include in the proposed class (1) loan officers who worked in Long & Foster real estate offices and (2) "independent" loan officers who worked outside of the real estate

offices, whether from their homes or other locations. *Id.* Finding that the two types of loan officers were not "similarly situated," this Court limited its certification to only those loan officers who worked in the Long & Foster offices. *Id.* at *8.

In another case involving the proposed conditional certification of a class consisting of differently-categorized employees, the United States District Court for the District of Columbia noted that plaintiffs were unable to "identify a single case where a court has included in the same class in a collective action both employees classified by an employer as non-exempt and employees classified by the employer as exempt. In fact, the cases that have had occasion to address the issue have reached or indicated a contrary result." *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 120 (D.D.C. 2004).

So, too, in this case does the Court conclude that the ILOs and OLOs are not similarly situated so as to warrant conditional certification of both groups as a single class. First, while CBC's categorization of the ILOs as non-exempt and the OLOs as exempt is not binding on this Court, the distinction does indicate the potential application of the FLSA's outside sales exemption to the OLOs.[3] As this exemption would apply to the OLOs only, it cannot then be said that these employees are similarly situated to the ILOs. A second factor distinguishing the ILOs and OLOs is the way in which they are compensated and, importantly, the fact that only ILOs are required to record their time worked and to submit

---

[3] The outside sales exemption excludes those employed "in the capacity of outside salesman" from the FLSA's maximum hour and overtime pay rules. 29 U.S.C. § 213(a)(1). FLSA regulations define the term "employed in the capacity of outside salesman" to mean:
> any employee (1)(1) Whose primary duty is: (i) making sales within the meaning of section 3(k) of the Act, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

29 C.F.R. § 541.500(a).

weekly timesheets. (ECF No. 45-1 at 36-39.) Third, while both ILOs and OLOs perform similar job functions insofar as they both seek to sell mortgage products, there are significant distinctions between their respective job duties and work locations. That is, while ILOs work primarily within CBC offices and are provided with sales leads by CBC, OLOs work primarily outside of the office and must make efforts to generate their own sales leads. (ECF No. 45 at 4.) Thus, as defendant asserts, the primary legal issue in determining FLSA liability with respect to the OLOs would be "whether each individual [OLO] was properly classified as exempt." (ECF No. 49 at 26-27.) This is a largely distinct inquiry from that governing liability with respect to the ILOs—that is, "whether or not the time they recorded into CBC's electronic timekeeping system in fact reflects their actual hours worked." (*Id.*) In light of these differences, the Court does not find that the ILOs and OLOs are similarly situated so as to warrant conditional certification of a collective action.

Thus, Plaintiffs' Motion is DENIED as to the Outside Loan Officers (OLOs).

### II.  Inside Loan Officers (ILOs)

While the Court declines to conditionally certify a collective action including both the ILOs and OLOs, the Court does find that plaintiffs have made the required modest factual showing so as to warrant conditional certification of the ILOs. *See Banks v. Wet Dog Inc.*, RDB-13-2294, 2015 WL 433631, at *2 (D. Md. Feb. 2, 2015). Specifically, plaintiffs' assertion that "they, and other employees, were consistently required to work overtime without being paid the required time-and-one-half their regular hourly rate for work in excess of forty hours per week" is supported by ample evidence to merit conditional certification. (ECF No. 45 at 17.)

CBC raises several arguments in opposition to Plaintiffs' Motion. First, defendant argues that plaintiffs are unable to demonstrate that CBC has a common policy, plan, or practice that violates the FLSA. (ECF No. 49 at 31-33.) Defendant seeks refuge in its written compensation policy, which states that ILOs are to be paid overtime wages. (ECF No. 45-1 at 36-39.) Nevertheless, plaintiffs have alleged and have provided evidentiary support for their position that CBC ILOs were directed to underreport their time and/or were not fully compensated for overtime hours worked. *See, e.g.,* Camacho Decl., ECF No. 45-8 at ¶ 5 ("I was told to enter the 40 hours regardless of actual hours worked, and often management would enter the hours for us."); Lee Decl., ECF No. 45-9 at 6 ("I was instructed by either Robert Eagar, my Branch Manager, or Brad Sels, my Team Leader, to report just 40 hours per week to be paid as my 'draw,' regardless of the actual hours I worked.") While defendant disputes the truth of these statements, they are consistent with defendant's recognition that "[f]or most [ILOs] who might opt into this case if the Court were to grant Plaintiff's Motion, the primary question will be whether or not the time they recorded into CBC's electronic timekeeping system in fact reflects their actual hours worked." (ECF No. 49 at 26-27.)[4]

CBC further asserts that plaintiff's branch office was subject to the instructions of a "rogue supervisor" who disregarded official corporate policy. (ECF No. 49 at 33.) Thus, plaintiff's own experience does not reflect the bank's overall operations and is not a proper basis for an FLSA collective action claim. In support, defendant has submitted several

---

[4] The Court notes that plaintiffs have also raised the argument that CBC failed to pay plaintiffs at the proper overtime rate as set forth in 29 C.F.R. § 778.117, which requires employers to include commission payments in the calculation of an employee's "regular rate." (ECF No. 50 at 6.) While defendants have not yet had an opportunity to respond to this claim, it may be addressed as this case proceeds.

declarations of employees who do not report being underpaid in violation of the FLSA. *See* ECF Nos. 49-5 through 49-23.) While CBC may undoubtedly use such statements in defense of its practices as this case proceeds, this Court has previously recognized that "credibility determinations are usually inappropriate for the question of conditional certification." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 571 (D. Md. 2012). Viewed against plaintiffs' conflicting declarations, it is clear that the existence, nature, and extent of defendant's FLSA liability remain an open questions to be addressed at a later stage in this case.

Defendant also argues that unmanageable, individualized inquiries would be required to determine the extent of CBC's FLSA liability if such liability were to be proven. (ECF No. 49 at 35-38.) Relatedly, defendant asserts that differences in the putative plaintiffs' compensation categories would also make conditional certification inappropriate. (*Id.* at 38-39.) As plaintiffs note, however, "[b]ringing a collective action under Defendant's standard would require all putative class members to be paid the same hourly rate and to work the same number of overtime hours each week to obtain conditional certification." (ECF No. 50 at 7.) Indeed, this Court has previously recognized that differences in employees' rates of pay, duration of tenure, and the location at which the Plaintiffs worked," are "minor inconsistencies [which] do not amount to a conclusion that Plaintiffs are necessarily dissimilar." *Banks v. Wet Dog Inc.*, No. CIV.A. RDB-13-2294, 2015 WL 433631, at *3 (D. Md. Feb. 2, 2015). *See also Robinson v. Empire Equity Grp., Inc.*, No. CIV. WDQ-09-1603, 2009 WL 4018560, at *3 (D. Md. Nov. 18, 2009) ("Plaintiffs do not have to show that the potential class members have identical positions for conditional certification; plaintiffs can

be similarly situated even though there are distinctions in their job titles, functions, or pay."). In sum, plaintiffs have made a sufficient "minimal evidentiary showing" that the ILOs were similarly situated and subjected to a common practice or policy that violated the FLSA so as to warrant conditional certification of a collective action.

Accordingly, Plaintiffs' Motion will be GRANTED as to the Inside Loan Officers (ILOs).

### III. Plaintiffs' Proposed Notice and Consent Form

Plaintiffs have filed a proposed Notice of Collective Action and Opt-In Consent Form. (ECF Nos. 45-14, 45-15.) Defendant argues that the proposed notice form and the proposed manner of notice are deficient and requests that the Court direct the parties to confer in the development of a new notice form. (ECF No. 49 at 39.)

Revision of the Notice is required in light of the decisions reached herein—namely, the limitation of the collective class to Inside Loan Officers (ILOs).[5] Accordingly, the parties shall confer and submit a joint, proposed notice within fourteen (14) days of this Memorandum Opinion and the accompanying Order.

The opt-in period shall begin from the date three years prior to the date of this Memorandum Opinion and the accompanying Order—that is, **January 10, 2014** to present.

Also within fourteen (14) days of this Memorandum Opinion and the accompanying Order, defendant shall produce to plaintiffs a computer-readable database of the names of all Inside Loan Officers (ILOs) who worked for CBC National Bank from January 10, 2014 to present, including (1) their last known mailing addresses and (2) their last known personal

---

[5] The Court also notes that the proposed notice does not advise potential plaintiffs that they have the right to obtain their own counsel.

11

email addresses. *See Arnold v. Acappella, LLC*, BPG-15-3001, 2016 WL 5454541, at *4 (D. Md. Sept. 29, 2016) ("This court has recognized that e-mail communication is 'now the norm' and in numerous cases has directed FLSA defendants to produce such information.").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification of a Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (ECF No. 45) is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiffs' Motion is GRANTED as to the "Inside Loan Officers" and DENIED as to the "Outside Loan Officers."

A separate Order follows.

Dated:  January 10, 2017          _____/s/_____
                                  Richard D. Bennett
                                  United States District Judge