## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **STEVEN SZALCZYK, JR.,** *et al.*,<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**CBC NATIONAL BANK**<br><br>        **Defendant.** | **Civil Action No. 1:15-CV-02011-RDB** |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Steven Szalczyk, Jr. ("Named Plaintiff"), on behalf of himself and all Opt-In Plaintiffs (as defined herein), and CBC National Bank ("Defendant").

WHEREAS, Named Plaintiff filed a lawsuit against Defendant in the U.S. District Court for the District of Maryland, captioned *Steven Szalczyk, Jr. v. CBC National Bank*, Case No. 1:15-cv-02011-RDB, on July 9, 2015, in which he asserts a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, Defendant denies liability and/or any other wrongdoing with respect to Named Plaintiff and all Opt-In Plaintiffs;

WHEREAS, by executing and submitting forms entitled "Consent to Become a Party Plaintiff," Opt-In Plaintiffs have agreed to have their interests represented by Named Plaintiff; and

WHEREAS, Plaintiffs and Defendant wish to avoid further litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby:

STIPULATED AND AGREED by and between the undersigned Parties that the above-captioned matter is resolved as follows:

1.   **DEFINITIONS**

The terms set forth below shall have the following meanings:

1.1    "Agreement" means this "Settlement Agreement and Release."

1.2    "Approval Date" means the date on which the Court enters an Order approving this settlement as fair and reasonable.

1.3    "Class Counsel" means the law firms of Donelon, P.C. and the Law Offices of Gary M. Gilbert & Associates, P.C.

1.4    "Collective Action Settlement Notice" means the document entitled "Collective Action Settlement Notice" which is attached hereto as Exhibit A to this Agreement.

1.5    "Court" means the United States District Court for the District of Maryland.

1.6    "Defense Counsel" means the law firm of Jackson Lewis P.C.

1.7    "General Release Form" means the document entitled "General Release Form" attached as Exhibit D to this Agreement.

1.8    "Lawsuit" means the above-captioned action.

1.9    "Motion Date" means the date on which the Parties file a motion with the Court for approval of this settlement.

1.10    "Named Plaintiff" means Steven Szalczyk, Jr.

1.11    "Opt-In Plaintiffs" means individuals who joined the Lawsuit by completing and returning forms entitled "Consent to Become a Party Plaintiff," all of which were

filed with the Court by Class Counsel on or before April 4, 2017, but excludes Named Plaintiff and any individual who withdrew or was dismissed from the Lawsuit subsequent to his or her filing of a "Consent to Become a Party Plaintiff" form. All Opt-In Plaintiffs are identified in Exhibit B to this Agreement.

1.12    "Parties" collectively means Named Plaintiff, the Opt-In Plaintiffs, and Defendant.

1.13    "Payment Amount" means, for Named Plaintiff and each Opt-In Plaintiff, the monetary payments, including Service Awards, listed in Exhibit B to this Agreement. This amount shall not exceed Two Hundred Twenty Three Thousand Two Hundred Ninety Four Dollars ($223,294.00) plus Service Awards totaling Two Thousand Five Hundred Dollars ($2,500.00).

1.14    "Plaintiffs" collectively means Named Plaintiff and the Opt-In Plaintiffs.

1.15    "Release Forms" refers collectively to the Wage Claim Release Form and the General Release Form.

1.16    "Released Parties" means CBC National Bank, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys.

1.17    "Representative Plaintiff" means Steven Szalczyk, Jr.

1.18    "Service Awards" means those amounts set forth in Exhibit B to this Agreement that are payable to Representative Plaintiff as payment for his efforts in representing the interests of all Plaintiffs and in consideration of their agreement to the general release described in Section 6.2 of this Agreement.

1.19   "Wage Claim Release Form" means the document entitled "Release of Wage Claims" attached as Exhibit C to this Agreement.

## 2.   RECITALS

2.1   Class Counsel has investigated the facts underlying this Lawsuit and consulted with Named Plaintiff concerning the risks of continued litigation and the benefits of settlement at this stage in the proceedings.  Named Plaintiff and Class Counsel have concluded that the settlement described in this Agreement is fair and reasonable, and is in the best interest of Plaintiffs in light of all known facts and circumstances, including, *inter alia*, the possibility that Defendant might prevail at trial or through motions practice and the prospect of significant delay if this Lawsuit proceeds.

2.2   Released Parties deny any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit.

2.3   This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Released Parties.  Furthermore, neither this Agreement nor the settlement of this Lawsuit shall be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, and nothing herein shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

2.4   Class Counsel agrees that, as of the Motion Date, there were no individuals who had retained Class Counsel to sue Defendant for violations of the FLSA or any state or local wage/hour and wage payment statute/ordinance other than Named Plaintiff, Opt-In Plaintiffs, and the named plaintiffs and other individuals who have opted

into the lawsuit filed by Tiffany Calabrese and Ana Cintora in the United States District Court for the Northern District of Illinois, captioned *Calabrese v. CBC National Bank*, Case No. 1:16-cv-02228.

## 3.   NOTICE OF THE SETTLEMENT & RELEASE FORM

3.1     Within ten (10) calendar days after the Approval Date, Class Counsel shall mail to Named Plaintiff and all of the Opt-In Plaintiffs a package containing the Collective Action Settlement Notice Form; the Wage Claim Release Form or, to Representative Plaintiff, the General Release Form; and a postage-paid, pre-addressed envelope that Named Plaintiff and Opt-In Plaintiffs can use to return the Release Forms to Class Counsel.

3.2     In order to participate in the distribution of settlement proceeds and be bound by the terms of this Agreement, Named Plaintiff and Opt-In Plaintiffs must complete and return to Class Counsel the Wage Claim Release Form or, for Representative Plaintiff, the General Release Form in an envelope postmarked on or before forty (40) calendar days after the Approval Date.  Class Counsel shall provide all such signed Release Forms to Defense Counsel within forty-five (45) days of the Approval Date.  Those Plaintiffs who fail to complete and return to Class Counsel the applicable Release Form will not receive the amounts listed in Exhibit B beside their names.

## 4.   PAYMENTS TO NAMED PLAINTIFF & OPT-IN PLAINTIFFS

4.1     Provided Defendant does not exercise its right to nullify this Agreement for lack of participation pursuant to Section 7.2 below, for those Plaintiffs who timely return Release Forms, Defendant shall deliver to Class Counsel within thirty (30) business

days of Class Counsel confirming to Defense Counsel that Class Counsel has
provided to Defense Counsel all timely returned Release Forms:

1. Checks for the Service Awards payable to Representative Plaintiff set
forth in Exhibit B, without deductions.  At the close of the tax year in
which any such checks are issued, Defendant shall issue directly to
Representative Plaintiff who timely returns a General Release Form an
IRS Form 1099 reflecting his/her Service Award.

2. Checks equaling fifty percent (50%) of the amount listed next to each
Plaintiff's name on Exhibit B, excluding Service Awards, to represent
alleged wages and/or overtime compensation due.  These payments will
be treated as supplemental wages for tax purposes, and Defendant will
deduct and withhold from these payments all applicable local, state, and
federal taxes, including income taxes and Federal Insurance
Contributions Act ("FICA") taxes.  At the close of the tax year in which
any such checks are issued, Defendant shall issue directly to each
Plaintiff who timely returns a Release Form an IRS Form W-2 reflecting
his/her settlement payment of the alleged wages and/or overtime
compensation due.

3. Checks equaling fifty percent (50%) of the amount listed next to each
Plaintiff's name on Exhibit B, excluding Service Awards, without
deductions, to represent alleged liquidated damages.  At the close of the
tax year in which any such checks are issued, Defendant shall issue
directly to each Plaintiff who timely returns a Release Form 1099
reflecting his/her settlement payment of the alleged liquidated damages.

4.2   If a Plaintiff is no longer employed by Defendant, Defendant shall send the W-2
and 1099 forms to the address listed on that Plaintiff's Release Form.

4.3   The face of each settlement check shall clearly state that the check must be cashed
within ninety (90) calendar days.  If any check is not cashed within the ninety-day
period, such checks will be void, a stop-pay notice will be placed, and the monies
shall be retained by Defendant.

4.4   Payments made under this Agreement are not intended to and will not: (1) form the
basis for additional contributions to, benefits under, or any other monetary
entitlement under; (2) count as earnings or compensation with respect to; or (3) be

considered to apply to, or be applied for purposes of; any bonus, pension, and retirement programs or 401(k) plans maintained by Defendant. Defendant reserves the right, if necessary, to modify the language of their benefit plans and pension, bonus and other programs, if necessary, to make clear that any amounts paid pursuant to this Agreement are not for hours worked, hours paid, or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose.

4.5     Plaintiffs certify that neither Released Parties nor their counsel have made any representations as to the tax treatment of the settlement payments and Plaintiffs hereby indemnify and hold harmless Released Parties from any and all liability for taxes, interest and penalties in connection with their receipt of settlement payments.

## 5.     PAYMENT OF FEES AND COSTS TO CLASS COUNSEL

5.1     At the time the Parties file their motion for approval of this settlement, Class Counsel will file with the Court, and Defendant will not oppose, a motion for payment of attorneys' fees of an amount not to exceed One Hundred Twenty-Six Thousand Dollars ($126,000.00) and costs and expenses in an amount not to exceed Eight Thousand Two Hundred and Six Dollars ($8,206). Provided Defendant does not exercise its right to nullify this Agreement for lack of participation pursuant to Section 7.2 below, within thirty (30) business days of the later of (1) the Court issuing an order awarding fees and/or expenses to Class Counsel and (2) Class Counsel confirming to Defense Counsel that Class Counsel has provided to Defense Counsel all timely returned Release Forms, Defendant shall pay to Class Counsel the amount of attorney's fees and litigation expenses approved by the Court up to a maximum amount of attorneys' fees of One Hundred Twenty-Six

Thousand Dollars ($126,000.00) and costs and expenses of Eight Thousand Two Hundred and Six Dollars ($8,206.00)  payable to "Donelon, P.C." and "The Law Office of Gary M. Gilbert & Associates, P.C." via two separate checks. At least fifteen (15) days before these checks are due as set forth hereunder, Class Counsel will inform Defendant of the respective amount of these two checks along with a completed IRS W9 tax form.  At the end of the tax year in which any such payment is made, Defendant shall mail directly to Class Counsel an IRS 1099 tax form reflecting said payment and an IRS 1099 tax form to each Plaintiff who signed Release Forms for a proportionate amount of the attorneys' fees and costs paid to their attorneys on their behalf The attorney's fees to be paid pursuant to this Section 5.1 were independently negotiated and agreed upon separately without regard to the Payment Amount.

**6.    RELEASE OF CLAIMS**

6.1     In consideration of payment of the amounts listed in Exhibit B, Plaintiffs, by their signatures on the Release Forms, release and forever discharge the Released Parties from and against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that they now have or may have had, or thereafter claim to have, on behalf of themselves or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring in whole or in part prior to and including the Approval Date related to the payment of wages and/or other compensation that were or could have been asserted in the Litigation, including those claims that could arise under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), or any state or local wage/hour and wage payment statute/ordinance, for any type of relief, including without limitation, minimum,

overtime or other wages, retaliation damages, unpaid costs, penalties, wage deductions, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

6.2     In addition to the claims released by Representative Plaintiff pursuant to Section 6.1 of this Agreement, and in consideration of the Service Award, Representative Plaintiff, by his signature on the General Release Form, releases and forever discharges the Released Parties from and against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that they now have or may have had, or thereafter claim to have, on behalf of themselves or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring in whole or in part prior to and including the Approval Date, including, but not limited to, all such matters arising out of, or related in any way to their employment with CBC and, if applicable, the termination of their employment with CBC. Without in any way limiting the generality of the foregoing, to the maximum extent permitted by law, Representative Plaintiff hereby releases any claims under Title VII of the Civil Rights Act of 1964 and 1991, the Americans With Disabilities Act, the Rehabilitation Act of 1973, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act of 1993, and all other federal, state and local laws pertaining to employment, wages and/or employment discrimination.

## 7.     REQUIREMENT FOR COURT APPROVAL AND DEFENDANT'S RIGHT TO NULLIFY AGREEMENT BASED ON LACK OF PARTICIPATION

7.1     This Agreement is contingent upon and does not become effective until the Court enters an Order approving this Agreement as fair and reasonable pursuant to FLSA

Section 16(b), 29 U.S.C. § 216(b).  In the absence of such an Order, the Agreement shall be null and void.  Promptly after the execution of this Agreement, Class Counsel shall prepare for review by Defense Counsel a motion for approval of the settlement.  Thereafter, the Parties shall work diligently to come to an agreement on the contents of and file that motion, and to prepare and submit to the Court any other papers deemed necessary to obtain Court approval of the settlement.  When filed under the conditions set forth herein, this motion shall be represented as being with the consent of all parties.

7.2     Defendant shall have the right to declare this Agreement null and void within ten (10) business days of Class Counsel confirming to Defense Counsel that Class Counsel has provided to Defense Counsel all timely returned Release Forms if the combined settlement payments to Plaintiffs who timely sign and return Release Forms reflect less than ninety percent (90%) of the Payment Amount, or if more than three (3) Plaintiffs fail to timely sign and return Release Forms.

7.3     Within five (5) business days of receipt of the last payment made by Defendant pursuant to Section 4.1 and Section 5.1, Plaintiff shall file with the Court the Stipulation of Dismissal with Prejudice that is attached to this Agreement as Exhibit E.

## 8.    MISCELANNEOUS

8.1     The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

8.2     All Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this

Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared and executed this Agreement.

8.3     The Parties shall use their best efforts and fully cooperate with each other to accomplish the terms of this Agreement and to take such other actions as may reasonably be necessary to implement and effectuate the terms of this Agreement.

8.4     This Agreement and its attachments may not be changed, altered, or modified, unless such modification is manifested in a written document duly executed by the Parties. Any material modifications shall be approved by the Court in its continuing jurisdiction.

8.5     This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof.   No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement.   In the event of any conflict between this Agreement and its attachments and any other settlement-related document, the Parties intend that this Agreement and its attachments shall be controlling.

8.6     The validity and construction of this Agreement or of any of its terms or provisions shall be determined under the laws of the State of Maryland, regardless of any principles of conflicts of laws or choice of laws of any jurisdiction.

8.7     This Agreement shall be construed as a whole according to its fair meaning and intent and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

8.8     This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

8.9     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any provision hereof.  Each term of this Agreement is contractual and not merely a recital.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

Dated:   10/12/17

Steven Szalczyk, III

Dated:   _____

CBC National Bank

By: _____
Stuart Ehrlich, Senior Vice President, Director of Human Resources

Page 13 of 13

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **STEVEN SZALCZYK, JR.,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 1:15-CV-02011-RDB** |
| **CBC NATIONAL BANK** | |
| **Defendant.** | |

### COLLECTIVE ACTION SETTLEMENT NOTICE

**You have received this Notice because the lawsuit against CBC National Bank that you consented to join has reached a settlement that was approved by the Court.**

| **1.     Why did I get this notice?** |
|---|

You were sent this Notice because you consented to join the lawsuit listed above (the "Lawsuit") that was brought against CBC National Bank ("CBC") alleging that CBC failed to properly pay overtime under the FLSA for hours worked in excess of forty (40) per week and, in some instances, minimum wage compensation.

This notice is to inform you that a settlement agreement was reached and approved by the Court on _____, 2017 (the "Approval Date").

| **2.     Does the settlement mean that CBC violated the law?** |
|---|

No. CBC denies it violated any law with respect to compensation owed to its loan officers. CBC decided that it is a better use of its resources to resolve this matter now, so that it can direct its time and resources to its business operations.

| **3.     How did the parties decide to reach a settlement?** |
|---|

The Named Plaintiff, Steven Szalczyk, Jr., and CBC agreed to settle the Lawsuit. As you recall, you executed a "Consent to Become a Party Plaintiff" form that permitted the Named Plaintiff and his counsel to negotiate and approve a settlement on your behalf. This Notice reflects that such a settlement has been reached on your behalf. By this agreement, the Parties avoid the cost and uncertainty of further litigation, trial, and appeals. Counsel for CBC and counsel for the Named Plaintiff negotiated the terms of the settlement described in this Notice. The Named Plaintiff's lawyers believe that the settlement is fair and reasonable and in the best interest of you and all other former loan officers who consented to join the Collective Class, because the

settlement creates a settlement fund and avoids the considerable risks and delays involved in continuing the Lawsuit. From the perspective of CBC, settling now means that it will not have to keep spending money, time, and effort on the Lawsuit.

| **4.** | **What does the settlement provide, and how much will I be paid?** |
|---|---|

Your portion of the settlement is: $\_\_. Half of this amount will be paid as wages, from which tax withholdings will be made and for which an IRS Form W-2 will be issued. The other half will be paid as liquidated damages, from which no tax withholdings will be made and for which an IRS Form 1099 will be issued.  You will also be issued an IRS Form 1099 for your portion of the attorneys' fees received by counsel for Named Plaintiff.  This amount is usually treated as a deduction from income (*i.e.* is not taxable to you), but you should consult with your tax preparer with respect to your individual tax return.

The Collective Class is made up of 42 loan officers who are currently or were formerly employed by CBC who consented to join this Lawsuit. CBC has agreed to pay a total of $360,000 to settle this matter. Under the terms of the Settlement of this Lawsuit, which have been approved by the Court, counsel for Named Plaintiff will receive $126,000.00, plus reimbursement of $8,206 in out-of-pocket costs associated with the Lawsuit. The Named Plaintiff, Steven Szalczyk, Jr., will receive an additional amount of $2,500 for taking the risk to file this Lawsuit on behalf of all Collective Class Members, exposing his name in this litigation, and working with counsel for three years to pursue your claims for allegedly unpaid wages. The remaining $223,294, which is approximately 62% of the total settlement amount, will be divided among the Named Plaintiff and 42 Collective Class Members on a pro-rata basis, with certain modifications to the pro-rata formula to account for defenses potentially applicable to certain Collective Class Members and to provide minimum guaranteed payments to all Collective Class Members.

Neither counsel for Plaintiffs nor CBC can provide you with tax advice, so if you have any questions about the tax consequences of any payment you receive, you should consult your own tax professional. These payments will not be made unless and until all the terms of the Settlement have been met.

| **5.** | **What must I do to receive payment?** |
|---|---|

In order to be paid under this Settlement, you must complete the enclosed Release Form and return it in the enclosed envelope with a post-mark date **on or before \_\_\_\_, 2017**. Or, you can return the completed form by email to brendan@donelonpc.com or fax it to: 816-709-1044.

| **6.** | **What claims am I releasing?** |
|---|---|

If you elect to participate in this Settlement, you agree that you have waived and released CBC and all entities or individuals related to CBC from all wage-related claims. Specifically, you would be releasing CBC National Bank, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys from and against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that they now

have or may have had, or thereafter claim to have, on behalf of themselves or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring in whole or in part prior to and including the date on which the Court approved the Settlement related to the payment of wages and/or other compensation that were or could have been asserted in the Litigation, including those claims that could arise under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), or any state or local wage/hour and wage payment statute/ordinance, for any type of relief, including without limitation, minimum, overtime or other wages, retaliation damages, unpaid costs, penalties, wage deductions, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

In addition, the Named Plaintiff is also releasing all other claims he might have against CBC and related entities and persons. Specifically, he is releasing CBC National Bank, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys from and against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that he now has or may have had, or thereafter claim to have, on behalf of himself or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring in whole or in part prior to and including the date on which the Court approved the Settlement, including, but not limited to, all such matters arising out of, or related in any way to his employment with CBC and, if applicable, the termination of their employment with CBC. This includes any claims under Title VII of the Civil Rights Act of 1964 and 1991, the Americans With Disabilities Act, the Rehabilitation Act of 1973, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act of 1993, and all other federal, state and local laws pertaining to employment, wages and/or employment discrimination.

| 7. | What if I don't want to participate in this Settlement? |
|---|---|

If you do not return the Release Form on or before _____, 2017, you will not be eligible to be paid under this Settlement and you will not be bound by the Settlement in this Lawsuit.

| 9. | Questions regarding this notice? |
|---|---|

If you have any questions regarding this notice, you can contact the attorneys representing the Plaintiffs in this matter: Brendan Donelon, 816-221-7100, brendan@donelonpc.com; or Daniel A. Katz, (301) 608-0880, dkatz@ggilbertlaw.com.

**EXHIBIT B**

| PLAINTIFF/OPT-IN NAME | SETTLEMENT PAYMENT | SERVICE AWARD |
|---|---|---|
| Anefils, Michael | $8,719.72 | |
| Armstrong, David | $1,000.00 | |
| Austin, Takesha | $4,120.18 | |
| Begin, Philip | $15,690.45 | |
| Blake, Aaron | $4,928.55 | |
| Cordon, Oscar | $1,000.00 | |
| Cornutt, Hilda | $500.00 | |
| Costello, Kent | $5,522.07 | |
| Eaton, Bryan Warner | $1,987.46 | |
| Edenfield III, Newell | $3,559.99 | |
| Feskanin, Ronald John | $3,161.38 | |
| Finocchio, Kelly | $1,832.27 | |
| Gallagher, Christopher | $16,030.90 | |
| Gardner, James | $1,105.62 | |
| Hawkins, Gregory | $4,663.95 | |
| Higgins, Karl Anthony | $4,733.79 | |
| Ibister, William | $2,638.42 | |
| Jayson, David | $2,124.83 | |
| Kim, Jae | $5,941.02 | |
| Krumova, Bistra | $1,000.00 | |
| Lawrence, Robert | $33,381.63 | |
| Mastriano, Michael | $1,063.72 | |
| Matune, Phillip | $1,813.20 | |
| McDougle, Brian | $11,180.64 | |
| McKenzie, Steven | $500.00 | |
| Mitchell, Dantrell | $3,850.09 | |
| Picciotto, Evan | $3,161.38 | |
| Raineri, Anthony | $23,614.39 | |
| Reinhardt, Carol Ann | $5,845.57 | |
| Rowe, Ruth Elaine | $7,461.51 | |
| Schmieder, Michael | $5,096.06 | |
| Showell, Vaughn | $500.00 | |
| Smith, Jason | $7,507.54 | |
| Suggs, Darryl Raoul | $2,371.03 | |
| Szalczyk, Steven | $2,838.49 | $2,500.00 |
| Thompson, Gloria J | $2,635.39 | |
| Thrift, Frank Ed | $1,975.86 | |
| Veitch, Audrey Inez | $1,000.00 | |
| Volles, Jay | $3,727.73 | |
| Wainwright, Anthony Keith | $1,000.00 | |
| Woods, David | $7,340.72 | |
| Wright, Minka M | $5,168.43 | |

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **STEVEN SZALCZYK, JR.,** *et al.*,<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**CBC NATIONAL BANK**<br><br>    **Defendant.** | **Civil Action No. 1:15-CV-02011-RDB** |

## RELEASE OF WAGE CLAIMS FORM

TO:  **[Name and Address]**     Address Correction (if necessary):

To participate in the Settlement in the above-referenced action, you must complete this Release of Wage Claims Form and mail it in the enclosed self-addressed, postage prepaid envelope so that it is postmarked no later than **[INSERT DEADLINE]** to Donelon, P.C., 420 Nichols Rd., Ste. 200, Kansas City, Missouri 64112.  You can also email it to Brendan@donelonpc.com or fax it to 816-709-1044.

1. I have read and understand the Collective Action Settlement Notice form and certify that I signed a Consent to Become a Party Plaintiff form in the above captioned matter thereby authorizing Named Plaintiff Steven Szalczyk, Jr., with assistance of Class Counsel, to negotiate a resolution of my minimum wage and overtime claims against CBC National Bank ("CBC").

2. I understand that this Lawsuit is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended. I hereby consent and agree to be bound by the Settlement of the above-referenced Lawsuit.

3. In consideration of the payment I will receive as part of the Settlement of the above-referenced Lawsuit, I hereby release and forever discharge CBC, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys, from and against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that they now have or may have had, or thereafter claim to have, on behalf of themselves or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring

in whole or in part prior to and including **[INSERT APPROVAL DATE]** related to the payment of wages and/or other compensation that were or could have been asserted in the Litigation, including those claims that could arise under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), or any state or local wage/hour and wage payment statute/ordinance, for any type of relief, including without limitation, minimum, overtime or other wages, retaliation damages, unpaid costs, penalties, wage deductions, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

_____   _____   _____
Date                Printed Name              Signature

**EXHIBIT D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEVEN SZALCZYK, JR., *et al.*,

          Plaintiffs,

v.

CBC NATIONAL BANK

          Defendant.

Civil Action No. 1:15-CV-02011-RDB

### GENERAL RELEASE FORM

TO:  **[Name and Address]**

Address Correction (if necessary):

_____

_____

_____

To participate in the Settlement in the above-referenced action, you must complete this General Release Form and mail it in the enclosed self-addressed, postage prepaid envelope so that it is postmarked no later than **[INSERT DEADLINE]** to Donelon, P.C., 420 Nichols Rd., Ste. 200, Kansas City, Missouri 64112.  You can also email it to Brendan@donelonpc.com or fax it to 816-709-1044.

1. I have read and understand the Collective Action Settlement Notice form and certify that I signed a Consent to Become a Party Plaintiff form in the above captioned matter thereby authorizing Named Plaintiff Steven Szalczyk, Jr., with assistance of Class Counsel, to negotiate a resolution of my minimum wage and overtime claims against CBC National Bank ("CBC").

2. I understand that this Lawsuit is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended. I hereby consent and agree to be bound by the Settlement of the above-referenced Lawsuit.

3. In consideration of the payment I will receive as part of the Settlement of the above-referenced Lawsuit, I hereby release and forever discharge CBC, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys, from and against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that they now have or may have had, or thereafter claim to have, on behalf of themselves or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring

in whole or in part prior to and including **[INSERT APPROVAL DATE]** related to the payment of wages and/or other compensation that were or could have been asserted in the Litigation, including those claims that could arise under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), or any state or local wage/hour and wage payment statute/ordinance, for any type of relief, including without limitation, minimum, overtime or other wages, retaliation damages, unpaid costs, penalties, wage deductions, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

4. In addition, in consideration of the additional payment that I will receive for serving as the Named Plaintiff in the above-referenced lawsuit and/or for sitting for a deposition in the above-referenced Lawsuit, I hereby release and forever discharge CBC, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys from and against all liability, damages, actions, and claims of any kind whatsoever, known and unknown, that I now have or may have had, or thereafter claim to have, on behalf of myself or any other person or entity, at any time, arising out of, or relating in any way to, any acts or omissions done or occurring in whole or in part prior to and including the **[INSERT APPROVAL DATE]**, including, but not limited to, all such matters arising out of, or related in any way to my employment with CBC and, if applicable, the termination of my employment with CBC. Without in any way limiting the generality of the foregoing, to the maximum extent permitted by law, I hereby release any claims under Title VII of the Civil Rights Act of 1964 and 1991, the Americans With Disabilities Act, the Rehabilitation Act of 1973, the Employee Retirement Income Security Act of 1974, the Family and Medical Leave Act of 1993, and all other federal, state and local laws pertaining to employment, wages and/or employment discrimination.

_____    _____    _____
Date                          Printed Name                                     Signature

**EXHIBIT E**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEVEN SZALCZYK, JR., *et al.*,

          **Plaintiffs,**

v.

CBC NATIONAL BANK

          **Defendant.**

Civil Action No. 1:15-CV-02011-RDB

## STIPULATION OF DISMISSAL WITH PREJUDICE

It is hereby stipulated by and between the parties to this action, through their designated counsel and pursuant to the Settlement Agreement and Release approved by the Court on **[INSERT APPROVAL DATE]**, that the above-captioned action, including all claims, be and hereby is dismissed with prejudice. Except as otherwise provided in the Settlement Agreement and Release, the parties are to bear their own attorneys' fees and costs.

Dated: _____          Respectfully Submitted:

/s/                                /s/
Daniel A. Katz (Bar No. 13026)*    Emmett F. McGee, Jr. (Bar No. 08462)
                                   Charles Kresslein (Bar No. 22967)
Law Offices of Gary M. Gilbert &   Keith D. Hudolin (Bar No. 13688)
Associates, P.C.                   JACKSON LEWIS P.C.
1100 Wayne Avenue, Suite 900       2800 Quarry Lake Drive, Suite 200
Silver Spring, MD 20910            Baltimore, Maryland 21209
(301) 608-0880 x809 (Voice)        410.415.2000 (T)
(301) 608-0881 (Fax)               410.415.2001 (F)
dkatz@ggilbertlaw.com              emmett.mcgee@jacksonlewis.com
                                   charles.kresslein@jacksonlewis.com
                                   keith.hudolin@jacksonlewis.com

Brendan J. Donelon (Admitted *Pro Hac Vice*)
Donelon, P.C.                      *Attorneys for Defendant, CBC National Bank*
420 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 221-7100 (Voice)
(816) 709-1044 (Fax)
Brendan@donelonpc.com

*Attorneys for Plaintiff*

2